UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WAYNE CLARKE,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>DOMINGO URIBE, JR., Warden<br><br>　　　　　Respondent. | Case No. CV 10-8128 SVW (JCG)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, the records and files herein, and the Report and Recommendation of the United States Magistrate Judge ("R&R"). The Court has also read and considered petitioner's traverse as presenting petitioner's objections to the R&R. (S*ee* Dkt 34, 35.) Having conducted a *de novo* review of the claims raised in the petition, the Court concurs in the Magistrate Judge's conclusions.

　　　　With regard to petitioner's claim that trial counsel was ineffective for failing to investigate evidence concerning the path of the bullet, petitioner has not explained how further investigation would have led to evidence casting doubt on the prosecution's theory of the case. *See Weaver v. Palmateer*, 455 F.3d 958, 971 (9th Cir. 2006); *Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997). The state

1 court could reasonably have concluded that in view of the absence of any such
2 evidence, petitioner had failed to "show that there is a reasonable probability that,
3 but for counsel's [deficient investigation of the gunshot evidence], the result of the
4 proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668,
5 694 (1984). For this additional reason, the state court's denial of Ground Four did
6 not involve an unreasonable application of the *Strickland* standard. 28 U.S.C.
7 § 2254(d)(1).

8 In reviewing Ground Six, which alleges that the trial court erred in denying
9 petitioner's motion for disclosure of the identity of a confidential informant, the
10 Court read the sealed transcript of the in camera testimony of Detective Kloss in
11 the trial court on October 10, 2006. (Dkt 27.) It contains eleven pages of sworn
12 testimony by Detective Kloss answering questions posed by the trial judge and the
13 prosecutor. The California Court of Appeal accurately described this hearing in its
14 opinion on direct appeal. Like the state court, this Court is satisfied from the
15 testimony at the in camera hearing that the confidential informant was not a
16 material witness who could have provided evidence that would have assisted the
17 defense. The Court of Appeal therefore reasonably concluded that the trial court
18 did not err in refusing to disclose the identity of the informant. *Roviaro v. United*
19 *States*, 353 U.S. 53, 60-61 (1957).

20 With respect to Ground Seven, the state Court of Appeal concluded that the
21 trial judge's close questioning of the defense psychologist about how he was being
22 compensated for his testimony did not deprive petitioner of a fair trial. As the state
23 court observed, the judge's questioning consumed only a small part of the 26
24 transcript pages of Dr. Shomer's testimony and did not impugn the validity of the
25 witness's testimony about the frailties of eyewitness identification. The Court of
26 Appeal's rejection of this claim involves neither an unreasonable application of
27 clearly established Federal law nor an unreasonable determination of the facts in
28 light of the trial transcript. 28 U.S.C. § 2254(d).

For the foregoing reasons and those stated in the R&R, the petition for habeas corpus is hereby DENIED.

The Court further concludes that petitioner has not made a substantial showing of the denial of a constitutional right, and therefore declines to issue a certificate of appealability. 28 U.S.C. § 2254; *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

IT IS SO ORDERED.

Dated: March 19, 2014

_____
STEPHEN V. WILSON
United States District Judge